IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-146-BO

| | | |
|---|---|---|
| MACHERIL HILL SHEPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 17, 19]. A hearing was held on these matters before the undersigned on September 13, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 19] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits. After initial denials of her application for benefits, plaintiff was given a hearing before an Administrative Law Judge (ALJ), which occurred on August 28, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

In this case, plaintiff argues the ALJ erred at step four by finding that plaintiff could return to her past work as a teacher's aide. The ALJ found that plaintiff's RFC included the ability to "lift, carry, push, and pull 20 pounds occasionally and ten pounds frequently . . . ." [Tr. 119]. This matches the language for light work and the job of teacher's aid is categorized as such. As a result, the ALJ found plaintiff was capable of her past relevant work as a teacher's assistant.

Although plaintiff held the title of "teacher's assistant," her description of this role included distinct differences from the description of "teacher's aide" that is found in the *Dictionary of Occupational Titles* ("DOT"). Specifically, plaintiff's description of her role included physical tasks, such as lifting/moving desks, books, copy paper, and most critically, lifting children when they fell or were injured, that are nowhere in the DOT's description. To be sure, the inquiry is whether the plaintiff can perform her past relevant work as it is generally performed in the economy; and the Commissioner is entitled to rely on the DOT's categories as "presumptively applicable to a claimant's prior work." *DeLoatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983).

3

But the same job label "may be used in a variety of ways. *Id.* "The claimant may overcome the presumption that the Secretary's generalization applies by demonstrating here duties were not those envisaged by . . . the category." *Id.* Here, the DOT's description of teacher's aide includes none of the physically demanding duties of plaintiff's prior role. Students and desks well exceed twenty pounds, as can stacks of books and paper. Plaintiff has met her burden to rebut the presumption that the DOT label simply applies without further explanation. The ALJ gave short shrift to plaintiff's description of her past occupation as a teacher's assistant and his determination that she is capable of performing her past relevant work cannot be upheld.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion [DE 19] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this 21 day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4